JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CTG INTERNATIONAL (NORTH AMERICA), INC., | CV 14-6730 RSWL (VBKx) |
| Plaintiff, | ORDER Re: DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(3)[13] |
| v. | |
| FIBERGLASS INDUSTRIES, INC. and JOHN MENZEL | |
| Defendants. | |

Now before the Court is Defendants Fiberglass
Industries Inc.'s and John Menzel's ("Defendants")
Motion to Dismiss First Amended Complaint Pursuant to
Fed. R. Civ. P. 12(B)(2) and (12)(B)(3).  The Court,
having considered all arguments that pertain to this
Motion, now **FINDS AND RULES AS FOLLOWS:** The Court

**GRANTS** Defendants' Motion to Dismiss for lack of personal jurisdiction.

### I. BACKGROUND

Plaintiff CTG is an Indiana corporation engaged in the manufacture and distribution of textile products. First Am. Compl. ("FAC") ¶ 8.  Defendant Fiber Glass Industries, Inc. ("FGI") is a New York corporation with its primary place of business in Amsterdam, New York. Id. ¶ 5.

Plaintiff manufactures and distributes textile products, including fiberglass.  Id. ¶ 8.  Starting on March 2014, Defendant FGI purchased seventeen orders of fiberglass from Plaintiff.  Id. ¶ 9.  Defendant usually had thirty days to make payment for conforming and accepted goods, and was subject to a 1.5% late charge on the entire balance for overdue bills.  Id. ¶ 10. Defendant FGI failed to make payment on the seventeen orders made.  Id. ¶ 11.  As a result, Defendant FFI's outstanding balance is $457,203.95.  Id. ¶ 12. Plaintiff claims that Defendant FGI has made repeated assurances of payment, but has failed to pay.  Id. ¶ 13.

Plaintiff asserts that "a substantial part of the events and omissions giving rise to this action" occurred in this jurisdiction, id. ¶ 2, and that Defendants have purposely availed themselves to the jurisdiction "through a number of contacts with and

substantial business activities in this district," id.
¶ 3.  Specifically, Plaintiff alleges that Defendants:
(1) initiated a business relationship with the
Plaintiff being fully aware that its office was located
in the City of Covina, Los Angeles County ("Covina
Office"); (2) submitted purchase orders to the
Plaintiff at the Plaintiff's Covina Office; directed
payments to the Plaintiff at the Plaintiff's Covina
Office; (4) contacted or submitted inquiries to the
Plaintiff at the Plaintiff's Covina Office; (5)
purchased merchandise from the Plaintiff for over three
years; (6) submitted over 50 different purchase orders
to the Plaintiff during those three years and (7)
purchased approximately $2,000,000.00 worth of
merchandise in the last three years, the overwhelming
majority occurring in just the last year.  Id.

    Plaintiff further alleges that Defendant FGI is
the alter-ego of Defendant John Menzel ("Menzel").  Id.
¶ 14.  Plaintiff alleges that there exists, and at all
times existed, a unity of interest, control, and
ownership between Defendant FGI and Defendant Menzel.
Id. ¶ 14.  Individuality or separateness between
Defendant FGI and Defendant Menzel does not exist, and
to treat the acts in question as Defendant FGI's alone
would achieve an inequitable result because Defendant
Menzel in bad faith dominated and controlled Defendant
FGI.  Id. ¶ 15.

## II. LEGAL STANDARD

### Motion to Dismiss Pursuant to Rule 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a district court cannot proceed against a defendant over which it lacks personal jurisdiction unless that defendant has waived the requirement.  See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-03 (1982).  In states where no applicable federal statute governs personal jurisdiction, that state's long-arm statute applies. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  The exercise of personal jurisdiction over a nonresident defendant requires the presence of two factors: (1) California's laws must provide a basis for exercising personal jurisdiction, and (2) the assertion of personal jurisdiction must comport with due process.  Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986).  California's long arm statute permits the exercise of personal jurisdiction to the fullest extent permitted by due process.  See Cal. Civ. Proc. Code § 410.10; Panavision, 141 F.3d at 1320.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).  Thus,

4

only a due process analysis is required here.

Due process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  The plaintiff bears the burden of proving that each defendant has sufficient minimum contacts with the forum state that warrant the court's exercise of personal jurisdiction. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003) ("Personal jurisdiction over each defendant must be analyzed separately."); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Depending on the nature and scope of the defendant's contacts with the forum, jurisdiction may be general or specific to a cause of action.  Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

When a defendant's contacts with the forum state are "substantial" or "continuous and systematic," general jurisdiction may be exercised over that defendant for any cause of action, even if it is unrelated to the defendant's activities within the forum state.  Schwarzenegger, 374 F.3d at 801-02; Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1287 (9th Cir. 1977).  In cases where a defendant's contacts are insufficient to support an exercise of general

jurisdiction, more limited specific jurisdiction may be found where a cause of action arises out of or is related to the defendant's activities in the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985); Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  "Specific jurisdiction may be exercised with a lesser showing of minimum contacts than is required for the exercise of general jurisdiction."  ACORN v. Household Int'l, Inc., 211 F. Supp. 2d 1160, 1164 (C.D. Cal. 2002).  The Ninth Circuit uses a three-part test to determine whether there is specific jurisdiction over a defendant: (1) the defendant either purposefully directed its activities at the forum or purposefully availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities; and (3) the court's exercise of personal jurisdiction over the defendant is reasonable.  Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008).

As to the first prong, the Ninth Circuit generally uses a purposeful direction analysis when an action sounds in tort, whereas it uses a purposeful availment analysis when an action sounds in contract.  Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672-73, n.2 (9th Cir. 2012).

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an

evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." <u>Ballard</u>, 65 F.3d at 1498.   In order to make a prima facie showing, the plaintiff must produce admissible evidence, which, if believed, would be sufficient to establish the Court's personal jurisdiction.   <u>Enriquez v. Interstate Grp., LLC</u>, No. 11-CV-05155 YGR, 2012 WL 3800801, at *3 (N.D. Cal. Aug. 31, 2012).   Accordingly, a district court is to take uncontroverted allegations in the complaint as true.   <u>AT&T Co. v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).   However, "mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant.   In such a case, facts, not mere allegations, must be the touchstone." <u>Taylor v. Portland Paramount Corp.</u>, 383 F.2d 634, 639 (9th Cir. 1967).   <u>See also</u> <u>Chem Lab Prods., Inc. v. Stepanek</u>, 554 F.2d 371, 372 (9th Cir. 1977); <u>Cummings v. W. Trial Lawyers Ass'n</u>, 133 F. Supp. 2d 1144, 1154 (D. Ariz. 2001).   Parties may go beyond the pleadings and support their positions with discovery materials, affidavits, or declarations.   <u>Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y of Permanent Cosmetic Prof's</u>, No. CV 12-06887 GAF JCGX, 2013 WL 1685558, at *4 (C.D. Cal. Apr. 16, 2013).   "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a

prima facie case for personal jurisdiction exists."
AT&T, 94 F.3d at 588.  "At the same time, however, the
plaintiff must submit *admissible* evidence in support of
its prima facie case."  Id. (emphasis added).

### III.   DISCUSSION

Specific jurisdiction is proper only when (1) the
defendant has performed some act by which he
purposefully avails himself of the privilege of
conducting activities in the forum, thereby invoking
the benefits and protections of its laws; (2) the claim
arises out of, or results from, the defendant's forum-
related activities; and (3) the exercise of
jurisdiction is "reasonable."  Terracom v. Valley Nat'l
Bank, 49 F.3d 555, 560 (9th Cir. 1995) (citing Shute v.
Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.
1990)).

Plaintiff bears the burden of satisfying the first
two prongs of the test.  Schwarzenegger v. Fred Martin
Motor Co., 374 F.3d 797, 802 (citing Sher v. Johnson,
911 F.2d 1357, 1361 (9th Cir. 1990)).  If the plaintiff
fails to satisfy either of these prongs, personal
jurisdiction is not established in the forum state.
Id.  If the plaintiff succeeds in satisfying both of
the first two prongs, the burden then shifts to the
defendant to "present a compelling case" that the
exercise of jurisdiction would not be reasonable.  Id.
"[A] plaintiff must make only a prima facie showing of

jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." <u>Data Disc, Inc. v. Sys. Tech. Associates, Inc.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977).

Plaintiff relies on a series of contracts, consisting of purchase orders, sent via fax or email between the parties as the basis for its claims. <u>See</u> First Am. Compl. ¶¶ 16-20. Furthermore, Plaintiff's claims for goods sold and delivered, unjust enrichment, and account stated all stem from Defendants' purported failure to pay the $457,203.95 that was due under the Parties' contracts. Because Plaintiff's claims arise from this alleged failure to pay, the Court should find that this Action sounds primarily in contract. As such, the first prong should be analyzed under the "purposeful availment" standard. <u>See Repwest Ins. Co. v. Praetorian Ins. Co.</u>, 890 F. Supp. 2d 1168, 1188 (D. Ariz 2012) ("In cases arising out of contractual relationships, including those involving related tort claims, the Ninth Circuit applies the "purposeful availment" test). The purposeful availment test is a balancing one, based on a totality of the circumstances. <u>Baca Gardening and Landscaping, Inc. v. Prizm Vinyl Corp.</u>, 2008 WL 4889030, at *4.

> i.   Purposeful Availment

To determine whether a party to a contract has purposefully established the requisite minimum contacts with the forum, a court should look at four factors:

(1) prior negotiations; (2) contemplated future consequences; (3) the terms of the contract; and (4) the parties' actual course of dealing.  <u>Burger King Corp. v. Rudzewicz,</u> 471 U.S. 462, 479, 105 S. Ct. 2174, 2186, 85 L. Ed. 2d 528 (1985).  More specifically, "[t]o have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'"  <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1016 (9th Cir. 2008).

In this case, Plaintiff has asserted claims for breach of contract, goods sold and delivered, unjust enrichment, and account stated.  Plaintiff has summarized Defendants contact with the forum as follows: Defendants

> (1) initiated a business relationship with the Plaintiff being fully aware that its office was located in the City of Covina, Los Angeles County ("Covina Office"); (2) submitted purchase orders to the Plaintiff at the Plaintiff's Covina Office; (3) directed payments to the Plaintiff at the Plaintiff's Covina Office; (4) contacted or submitted inquiries to the Plaintiff at the Plaintiff's Covina Office; (5) purchased merchandise from the Plaintiff for over

10

three years; (6) submitted over 50 different purchase orders to the Plaintiff during those three years and (7) purchased approximately $2,000,000.00 worth of merchandise in the last three years, the overwhelming majority occurring in just the last year.

Compl. ¶ 3.

The question to resolve is whether these activities constitute sufficient minimum contacts. Plaintiff cites the fact that Defendants initiated a business relationship with Plaintiff with awareness that Plaintiff has an office located in California. <u>Id.</u> Plaintiff presents evidence that the Defendants initiated the business relationship by soliciting it for samples of its products. Defendants contend that their contact with Plaintiff in California was incidental: the fiberglass Defendant purchased from Plaintiff was manufactured in China and then shipped to Defendant in New York; no FGI official ever entered California for any purpose related to the purchase; and in fact, Plaintiff's sales associate visited FGI's offices in New York regarding the sales. <u>See</u> Farnan Decl. ¶¶ 7, 8, 10. However, the mere fact that Defendants opted to participate in a business agreement with Plaintiff knowing that Plaintiff had an office in California is insufficient to create minimum contacts.

See <u>Dynamic Software Servs. v. Cyberbest Tech., Inc.</u>, 2014 WL 3373924 at *9 (N.D. Cal. July 9, 2014) ("Mere knowledge that the plaintiff is based in the forum state is insufficient to establish purposeful availment.")

Plaintiff further argues that the 120-day warranty that came with the fiberglass created an on-going obligation, as did the future delivery dates for the orders Defendants placed. Opp'n 9:8-23. Even so, this is not a situation in which the contract at hand exists "to lay the groundwork for future transactions between the parties." <u>Id.</u> at *8. These are only "minimal future consequences" that are the result of individual transactions. <u>Id.</u> And while it is noted that Defendants have contracted for sales totaling more than two million dollars, "[t]he total amount of business Defendant conducted in the forum is not relevant to the purposeful availment analysis in the contract context." Id. at *9.

Next, the Ninth Circuit has indicated that "normal incidents" of a business relationship, such as accepting payment, making phone calls, and sending letters "by themselves, do not establish purposeful availment; this is not the deliberate creation of a substantial connection." <u>Sher v. Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990). The Circuit went on to explain that this type of activity is not the "the promotion of business" in the forum state, which

requires affirmative action.  Id.  Even were Defendants
to have made physical contact with the forum state, it
is not clear that such contact, if merely incidental to
the relationship, would have constituted the type of
behavior in which a party avails itself of the benefits
of conducting business in the forum state.

Finally, the issue of the choice of law clause in
the sales contract weighs in favor of finding that
Defendants did not purposefully avail itself to the
benefits of the forum state.  While a forum selection
clause is "insufficient to confer jurisdiction" in and
of itself, Burger King, 471 U.S. at 482, in this case,
it reinforces the parties' intention to litigate in
Indiana, where Plaintiff is headquartered.  Plaintiff
will not be denied its chance to litigate this case by
a dismissal; instead, it will simply have to litigate
where the Court has personal jurisdiction over
Defendants.

///
///
///
///
///
///
///
///
///
///

13

Thus, because Plaintiff has not met the personal availment prong of the personal jurisdiction test, the Court finds that Plaintiff has not shown the Court has jurisdiction over the instant case.  As a result, Defendants' additional grounds for dismissal are rendered moot and the case shall be dismissed.

### IV. CONCLUSION

This Court therefore **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: April 6, 2015

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

14